UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:19 CR 418 HEA |
| MARKALO D. ALEXANDER, | ) |
| Defendant. | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through its Attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Jennifer J. Roy, Assistant United States Attorney for said District, and states as follows with respect to the Defendant's sentencing:

1. On June 3, 2020, the parties appeared before this Court for a change of plea hearing. The defendant entered a plea of guilty to Count One of a four-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). The Government agreed to move, at the time of sentencing, for the dismissal of Counts Two, Three, and Four. The negotiated plea agreement also included a recommendation to the Court as to the Guidelines application. That recommendation also included a statement that the parties had discussed and agreed not to include Guidelines §2K2.1(b)(6)(B) for possession of firearms in connection with the controlled substances recovered from the defendant's residence. (Plea, pp. 2, 5).

1

2. On August 26, 2020, the United States Probation Office filed the Final Presentence Report ("PSR", Doc. No. 65). The PSR calculated the Defendant's Total Offense Level as 23. This calculation included a four-level increase based upon §2K2.1(b)(6)(B) because the Defendant used or possessed any firearm in connection with another felony offense, specifically possession with intent to distribute controlled substances and burglary. (PSR, para. 28). Based on a Total Offense Level of 23 and a Criminal History Category of III, the PSR concluded that the Defendant's Guideline range of imprisonment is 57-71 months. (Id. at para 73).

3. Defendant objects to the application of §2K2.1(b)(6)(B) and asks this Court to conclude that the Total Offense Level is 19 and the resulting Guideline imprisonment range is 37 to 46 months. (Def. Obj. to PSR, Doc. No. 63; Def. Sent. Memo., Doc. No., 71; Final PSR, para. 79).

4. The Government and defense counsel had discussions during plea negotiations as to the sufficiency of the evidence with respect to the application of this enhancement based on the connection between the recovered firearms and the 13.9 grams of Cocaine Base recovered from a shoebox on a shelf in a closet in a bedroom purportedly shared by the Defendant and his girlfriend. The parties ultimately agreed to recommend that the enhancement not be applied. The parties never discussed the possible application of the recovered firearms in connection with a prior burglary. This attorney for the Government was not aware that the Guidelines specifically address in §2K2.1, Application Note 14(B) a scenario that provides for a four-level enhancement when a defendant, during the course of a burglary, finds

    and takes the firearm "even if the defendant did not engage in any other conduct with that firearm during the course of the burglary…." Therefore, while the Government cannot join the Defendant's objection to the PSR, the Government nonetheless asks this Court to impose a sentence pursuant to the recommended Guideline calculations contained within the negotiated plea agreement. The Government joins defense counsel in his request to apply a four-level downward variance from the PSR's recommended Total Offense Level. This downward variance takes into account the sentencing factors of 18 U.S.C. §3553. A sentence within this adjusted Guideline range would result in a term of imprisonment that would be sufficient, but not greater than necessary, when taking into consideration the Defendant's personal history and characteristics, including two prior felony convictions and history of non-compliance while under court–ordered supervision. Further, such a sentence would certainly protect the public from future criminal activity of the Defendant and promote deterrence.

5. With respect to plea agreements, the parties are at liberty to negotiate pleas. However, the parties do so with the understanding that the Court is not a party to the agreement and the Court is free to do what it chooses based upon all the information before it, including the information the U.S. Probation Office presents to the Court.

    WHEREFORE, for the reasons stated, the United States respectfully requests that the Court apply a four-level downward variance from the PSR's Guideline range of 57 to 71 months and

impose a sentence within the adjusted Guideline range of 37 to 46 months contemplated by the parties during plea negotiations.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/Jennifer J. Roy*
BY: JENNIFER J. ROY, #47203MO
Assistant United States Attorney
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic case filing system upon counsel for the defendant.

*/s/ Jennifer J. Roy*
Jennifer J. Roy
Assistant United States Attorney